**In re: PEREGRINE SYSTEMS, INC., SECURITIES LITIGATION.**

**MDL No. 1889.**

United States Judicial Panel on Multidistrict Litigation.

Jan. 2, 2008.

Before JOHN G. HEYBURN II, Chairman, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN, ANTHONY J. SCIRICA*, Judges of the Panel.

**TRANSFER ORDER**

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel*:** Defendant Arthur Andersen LLP and the New Jersey plaintiff have jointly moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation for coordinated or consolidated pretrial proceedings in the Southern District of California. No party has responded to the motion.

This litigation presently consists of 35 actions listed on Schedule A and pending in two districts as follows: 34 actions in

---

* Judge Scirica took no part in the disposition of this matter.

the Southern District of California and one action in the District of New Jersey.

■ After considering the argument of counsel, we find that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Southern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions share factual questions arising out of alleged misrepresentations or omissions relating to improper accounting practices at Peregrine Systems, Inc., between 2000–02. Centralization under Section 1407 will eliminate duplicative discovery; avoid inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

■ We further find that the Southern District of California is an appropriate transferee district for this litigation, because (1) 34 of the 35 actions are already pending there, (2) relevant documents and witnesses are likely in proximity to Peregrine Systems, Inc.'s former headquarters in San Diego, California, and (3) the Section 1407 motion proposing selection of this district is unopposed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action listed on Schedule A and pending in the District of New Jersey is transferred to the Southern District of California and, with the consent of that court, assigned to the Honorable Roger Benitez for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

### SCHEDULE A

MDL No. 1889—*In re: Peregrine Systems, Inc. Securities Litigation*

*Southern District of California*

   Alan Marshall, et al. v. Peregrine Systems, Inc., et al., C.A. No. 3:02–870

*Richard Bowe v. Peregrine Systems, Inc., et al.,* C.A. No. 3:02–871

*Joel A. Gerber v. Peregrine Systems, Inc., et al.,* C.A. No. 3:02–882

*Peter Ahrens v. Peregrine Systems, Inc., et al.,* C.A. No. 3:02–885

*Blake Halberg v. Peregrine Systems Inc., et al.,* C.A. No. 3:02–886

*Chris Martin v. Peregrine Systems, Inc, et al.,* C.A. No. 3:02–887

*Ira Gaines v. Peregrine Systems, Inc., et al.,* C.A. No. 3:02–890

*Jeff Michon, et al. v. Peregrine Systems, Inc., et al.,* C.A. No. 3:02–891

*Peter J. Krinsky v. Peregrine Systems, Inc., et al.,* C.A. No. 3:02–902

*Jonathan D. Layes v. Peregrine Systems, Inc., et al.,* C.A. No. 3:02–906

*Alan Berkowitz v. Peregrine Systems, Inc., et al.,* C.A. No. 3:02–921

*Mendel Spiegel, et al. v. Peregrine Systems, Inc., et al.,* C.A. No. 3:02–926

*Gabriel West v. Peregrine Systems, Inc., et al.,* C.A. No. 3:02–951

*Randy Lee v. Peregrine Systems, Inc., et al.,* C.A. No. 3:02–979

*Henry Frankel v. Peregrine Systems, Inc., et al.,* C.A. No. 3:02–996

*Richard Schleicher v. Peregrine Systems, Inc., et al.,* C.A. No. 3:02–1002

*Anthony Boarman v. Peregrine Systems, Inc., et al.,* C.A. No. 3:02–1010

*Eric P. Daniels v. Peregrine Systems, Inc., et al.,* C.A. No. 3:02–1011

*Donna Murray v. Peregrine Systems, Inc., et al.,* C.A. No. 3:02–1022

*Stephen Anish v. Peregrine Systems, Inc., et al.,* C.A. No. 3:02–1047

*Robert Renzi v. Peregrine Systems, Inc., et al.,* C.A. No. 3:02–1060

**1354**

*Craig McCarthy v. Peregrine Systems, Inc., et al.,* C.A. No. 3:02–1061

*Stoneridge Investment Partners, LLC v. Peregrine Systems, Inc., et al.,* C.A. No. 3:02–1073

*Heywood Waga v. Peregrine Systems, Inc., et al.,* C.A. No. 3:02–1095

*Michael J. Farrell v. Peregrine Systems, et al.,* C.A. No. 3:02–1120

*Mateo Camarillo, et al. v. Peregrine Systems, Inc., et al.,* C.A. No. 3:02–1168

*Congregation Bais Avrohom v. Peregine Systems, Inc., et al.,* C.A. No. 3:02–1174

*Katy Cox Johnson v. Peregrine Systems, Inc., et al.,* C.A. No. 3:02–1176

*Alan Hylton v. Peregrine Systems, Inc., et al.,* C.A. No. 3:02–1207

*Janet Kusmierski, et al. v. Peregrine Systems, Inc., et al.,* C.A. No. 3:02–1208

*Michele Voth, et al. v. Peregrine Systems, Inc., et al.,* C.A. No. 3:02–1238

*Blair Alexander v. Matthew C. Gless, et al.,* C.A. No. 3:02–1242

*Felix Lecocq v. Peregrine Systems, Inc., et al.,* C.A. No. 3:02–2550

*William V. Alesi v. Matthew C. Gless, et al.,* C.A. No. 3:03–57

*District of New Jersey*

*David Hildes, etc. v. Arthur Andersen, LLP, et al.,* C.A. No. 2:07–393